UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUN RISER LLC, a California Cororation,<br><br>Plaintiff,<br><br>v.<br><br>LURCH LOGISTICS LLC, a North Carolina Corporation; and LASZLO ALMASI, an individual,<br><br>Defendants. | No. 2:21-cv-1407 JAM DB<br><br><br><br>ORDER |

On October 30, 2021, plaintiff filed a motion for default judgment and noticed the motion for hearing before the undersigned on December 10, 2021, pursuant to Local Rule 302(c)(19). (ECF No. 10.)  In evaluating a motion for default judgment the court considers

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).  Here, plaintiff's motion for default judgment fails to address the Eitel factors.  This failure is particularly concerning here, as the record before the undersigned implicates potential issues of subject matter jurisdiction, adequacy of service, the sufficiency of

1

the complaint, the sum of money at stake, damages, etc.  See generally Automotive Industries Pension Trust Fund v. L.A. Smith & Sons, Inc., Case No. 20-cv-7044 JCS, 2021 WL 2638050, at *3 (N.D. Cal. May 21, 2021) ("The Court must also determine whether service of process was adequate."); Mazal Group, LLC v. Shlomo, Case No. CV 18-7548 GW (AFMx), 2019 WL 13038583, at *3 (C.D. Cal. May 30, 2019) ("In addition to discussing the Eitel factors, Plaintiff must sufficiently address damages."); Teal v. King, Case No. 06-CV-2379 W (BLM), 2008 WL 11508583, at *4 (S.D. Cal. Sept. 24, 2008) ("with respect to the breach of contract claim, Plaintiff has failed to establish the existence of a contract with defendant Hayes"); Smith v. Kraft Foods, Inc., CASE NO. 07cv2192-BEN (WMC) 2008 WL 11337485, at *2 (S.D. Cal. Sept. 12, 2008) ("the Court must not blindly accept conclusory jurisdictional allegations"); Siegel v. Homestore, Inc., 255 F.Supp.2d 451, 455 (E.D. Pa. 2003) ("acts or omissions must be more than tangentially connected to qualify as 'substantial' under § 1391(a)(2)").

    Accordingly, IT IS ORDERED that:

    1.  Plaintiff's October 30, 2021 motion for default judgment (ECF No. 10) is denied without prejudice to renewal; and

    2.  The December 10, 2021 hearing is vacated.

DATED: December 8, 2021            /s/ DEBORAH BARNES
                                          UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\riser1407.mdj.den.ord